_____

No. 95-2385
_____

United States of America,        *
                                 *
                  Appellee,      *
                                 *  Appeal from the United States
      v.                         *  District Court for the
                                 *  District of Minnesota.
Willis Louis Adams, also known   *
as Robyn Boutte,                 *           [UNPUBLISHED]
                                 *
                  Appellant.     *

_____

Submitted:  March 15, 1996

Filed:  June 11, 1996
_____

Before FAGG, JOHN R. GIBSON, and WOLLMAN, Circuit Judges.

_____

PER CURIAM.


     Willis Louis Adams appeals the district court's[1] order denying his
motion to modify his sentence.  Adams was convicted in 1990 of three drug
trafficking offenses,[2] and sentenced to 400 months' imprisonment.  His
sentence was calculated under U.S.S.G. § 4B1.1 for career offenders, which
increased the sentencing range mandated by 21 U.S.C. § 841(b)(1)(B) (1994);
that range had already been increased by section 841(b)(1)(B)'s internal
repeat offender provision.  We affirmed his conviction and sentence.
United States

_____

     [1]The Honorable Paul A. Magnuson, United States District Judge
for the District of Minnesota.

     [2]He was convicted of conspiracy to possess cocaine with intent
to distribute, 21 U.S.C. § 846, interstate travel to facilitate
unlawful drug activity, 18 U.S.C. § 1952(a), and possession of
cocaine with intent to distribute, 21 U.S.C. §§ 841(a)(1),
841(b)(1)(B), and 846.

v. Adams, 938 F.2d 96 (8th Cir. 1991), cert. denied, 502 U.S. 1075 (1992). Effective November 1, 1994, the United States Sentencing Commission promulgated Amendment 506 to Application Note 2 of section 4B1.1. Under the terms of Amendment 506, the career offender guideline (section 4B1.1) should be read as enhancing only the basic sentencing range of the underlying crime, not the sentencing range as already enhanced by internal repeat offender provisions. Relying on Amendment 506, Adams moved for modification of his sentence, 18 U.S.C. § 3582(c)(2) (1994), which the district court denied. We affirm.

After this case was submitted, a panel of this court decided United States v. Fountain, No. 95-2264, 1996 WL 210638 (8th Cir. May 1, 1996), which resolved the very issue before us in this case. Fountain held that Amendment 506 was contrary to the statutory mandate of 28 U.S.C. § 994(h) (1994). We therefore cannot grant Adams' request to be re-sentenced in accordance with Amendment 506.

Adams also claims the district court erred in refusing to apply Amendment 506 retroactively. That issue is moot in light of our decision above.

We affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-